UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NICHOLAS CASCI, individually and on behalf
of all other persons similarly situated,

                     Plaintiff,              **MEMORANDUM AND ORDER**
                                                                   13 CV 1669 (DRH) (GRB)

        - against -

NATIONAL FINANCIAL NETWORK, LLC
and/or any other entities affiliated with or controlled
by NATIONAL FINANCIAL NETWORK, LLC,

                     Defendant.
-------------------------------------------------------------X
**APPEARANCES:**

**LEEDS BROWN LAW, P.C.**
Attorneys for Plaintiff
1 Old Country Road, Suite 347
Carle Place, NY 11514
By:    Daniel Harris Markowitz, Esq.
         Jeffrey Kevin Brown, Esq.
         Michael Alexander Tompkins, Esq.

**VIRGINIA & AMBINDER LLP**
Attorneys for Plaintiff
40 Broad Street, 7th Floor
New Yor, NY 10004
By:    Lloyd Robert Ambinder, Esq.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Attorneys for Defendant
1745 Broadway, 22nd Floor
New York, NY 10019
By:    Melissa Jill Osipoff, Esq.

**CERASIA & DEL REY-CONE LLP**
Attorneys for Defendant
150 Broadway, Suite 151
New York, NY 10038
By:    Edward Cerasia, II, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Nicholas Casci ("plaintiff")[1] commenced this action against defendant National Financial Network, LLC ("defendant") asserting claims of unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 216(b), and New York Labor Laws ("NYLL").

Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Defendant contends that the original complaint filed in this action "is devoid of any factual allegations supporting the assertions that [defendant] violated the FLSA or NYLL." (Def.'s Mem. in Supp. at 1.) Plaintiff argues in response that "[t]he Complaint clearly proffers specific factual allegations more than sufficient to satisfy the pleading requirements," (Pl.'s Mem. in Opp'n at 1), but asks that if the Court finds any of the claims to be insufficiently plead, he be permitted to file an amended complaint, which he has submitted along with his opposition papers and labeled Proposed Amended Complaint ("PAC"). For the foregoing reasons, the Court dismisses plaintiff's overtime and minimum wage claims and denies plaintiff's request to file the PAC.

**BACKGROUND**

From approximately December 2009 to May 2010, defendant employed plaintiff as a Field Representative in New York. Plaintiff's job responsibilities included "making 'cold calls' to market and sell financial and insurance products, and engaging in natural market solicitation." (PAC ¶ 28.) Plaintiff claims that defendant wrongfully classified him "as exempt from minimum wages and overtime compensation." (*Id.* ¶ 3.) Plaintiff "typically worked thirty-four to thirty-nine (34-39) hours per week, although occasionally he worked in excess of forty (40) hours per

---

[1] Although plaintiff brings this action on behalf of a proposed collective class, to date, no motion for class certification has been made.

2

week, without receiving overtime compensation." (*Id*. ¶ 28.) Plaintiff further alleges that he was "required to perform work for and on behalf of Defendants without compensation,"[2] and was "paid zero (0) dollars per hour." (*Id*. ¶ 29.)

## DISCUSSION

### A. Rule 12(b)(6) Standard

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent years, the Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss.

---

[2] Although it is unclear, presumably plaintiff is referring to both uncompensated regular and over-time hours.

3

First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id.* at 678 (quoting and citing Twombly, 550 U.S. at 556–57) (internal citations omitted).

In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### B.   Plaintiff's Overtime Claims

Pursuant to § 207(a)(1) of the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  Defendant argues that plaintiff has not adequately

4

alleged an FLSA overtime violation because he "fails to set forth any specific allegations supporting the hours he claims to have worked." (Def.'s Mem. in Supp. at 4.) The plaintiff responds that he has sufficiently alleged an unpaid overtime claim. (Pl.'s Mem. in Opp'n at 6.)

The Court's analysis of whether plaintiff has stated a plausible overtime claim is focused on three recent Second Circuit decisions dismissing FLSA claims: *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), *Nakahata v. New York-Presbyterian Healthcare System, Inc.,* 723 F.3d 192 (2d Cir. 2013), and *DeJesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013). In *Lundy*, the court held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek, as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. Moreover, in *Lundy*, the Court dismissed plaintiff's overtime claims based on allegations that she "typically" worked 37.5 hours per week in addition to uncompensated meal breaks, time before and after shifts, and trainings "which could theoretically put her over the 40-hour mark in one or another unspecified week (or weeks)" because such allegations "suppl[ied] nothing but low-octane fuel for speculation, not the plausible claim that is required." *Id*. at 114-115. The Second Circuit subsequently held in *Nakahata* that in order to plead a plausible FLSA claim, plaintiffs must provide "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." 723 F.3d at 201. The Circuit's most recent decision, *DeJesus*, further clarified the standard in stating that *Lundy* "declined to make an approximation of overtime hours a necessity in all cases," even though such an approximation might "help draw a plaintiff's claim closer to plausibility." *DeJesus*, 726 F.3d at 88 (internal quotation marks and citations omitted). Still, *DeJesus* dismissed plaintiff's claim because "[s]he did not estimate her hours in any or all weeks or provide any other factual

context or content." *Id*. at 89. "Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute. She alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Id*. Furthermore, the court explained that "*Lundy*'s requirement that plaintiffs must allege overtime without compensation in a 'given' workweek, 711 F.3d at 114, was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.' It was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.' " *Id*. at 90 (quoting *Twombly*, 550 U.S. at 570).

Here neither the allegations in the original Complaint nor plaintiff's PAC meet the standard set forth in the recent Second Circuit cases cited above. The Complaint vaguely alleges that plaintiff "worked in excess of forty (40) hours in certain weeks" (Compl. ¶ 31) and is devoid of any detailed factual information from which the Court could reasonably infer that he worked more than forty hours in any "given" work week. Similarly, the PAC's allegations that plaintiff "occasionally" or "sometimes" worked overtime do nothing more than conform to the "all-purpose pleading template alleging overtime in some" workweeks forbidden by *DeJesus*. Moreover, plaintiff's allegations do not demonstrate his efforts to comply with the Second Circuit's direction that "plaintiffs draw on [memory and experience] in providing complaints with sufficiently developed factual allegations." *DeJesus*, 726 F.3d at 90. Given that the plaintiff has failed to allege sufficient facts that would "nudge" his claim from conceivable to plausible, plaintiff's FLSA and NYLL overtime claims are dismissed and permitting plaintiff to file overtime claims as stated in the PAC would be futile.[3]

---

[3] "In light of the fact that [t]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA, [the Court's] conclusions . . . about the FLSA allegations

C.      **Plaintiff's Minimum Wage Claims**

The FLSA requires employers to pay employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1). Similarly, NYLL § 652 sets forth the minimum wage rate for New York State. "For minimum-wage recovery under the FLSA, the pertinent question is whether the amount of compensation received by an employee results in a straight-time hourly rate that is less than the applicable federal minimum wage." *Chuchuca v. Creative Customs Cabinets, Inc.*, 2014 WL 6674583, at *9 n. 10 (E.D.N.Y. Nov. 25, 2014) (internal quotation marks and citations omitted). Furthermore, "[t]o state a FLSA minimum wage claim, it is sufficient for plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014) (citing *Zhong v. August August Corp.*, 498 F. Supp 2d 625, 629 (S.D.N.Y. 2007). Here, although plaintiff alleges that he typically worked 37.5 hours per week and that he did receive some "wages" (PAC ¶ 32), neither the original Complaint nor the PAC contains facts concerning the amount of compensation plaintiff actually received. As a result, it is impossible to infer from the allegations that plaintiff's compensation resulted in a straight time hourly rate below the minimum wage. Accordingly, plaintiff's FLSA and NYLL minimum wage claims are dismissed, s*ee Tackie*, 2014 WL 4626229 at *3 (analyzing FLSA and NYLL minimum wage claims similarly), and his request to file the minimum wage claims as stated in the PAC is denied as futile.

---

appl[y] equally to [the NYLL] state law claims." *DeJesus*, 726 F.3d at 89 n. 5 (internal quotation marks and citations omitted).

## CONCLUSION

For the foregoing reasons, plaintiff's claims are dismissed and his request to file the PAC is denied.

**SO ORDERED.**

Dated: Central Islip, New York
January 7, 2015

/s/
Denis R. Hurley
Unites States District Judge